## McCarty *versus* Hoffman.

The Act of 27th January, 1848, enacting that "Every last will and testament heretofore made or hereafter to be made, excepting such as may have been finally adjudicated prior to the passage of this Act, to which the testator's name is subscribed by his direction and authority, or to which the testator hath made *his mark or cross*, shall be deemed and taken to be valid in all respects: Provided the other requisites under existing laws are complied with;" It was *Held* that the provision is not constitutional as respects the will of one who died before the passage of such Act.

ERROR to the Common Pleas of *Lycoming county*.

This was an issue wherein Peter R. Hoffman, who intermarried with Sarah McCarty, was plaintiff, and Lloyd McCarty was defendant, and was formed to try the validity of an instrument alleged to be the will of Ann McCarty. The alleged will was dated 22d April, 1847, and Ann McCarty died in that year.

[McCarty *v.* Hoffman.]

A *caveat* to its being admitted to probate was filed on 14th January, 1848, by Lloyd McCarty, the brother of the deceased. In the *caveat* it was objected: 1. That the said writing is not the will and testament of the said Ann McCarty.    2. That the said writing is not signed by the said Ann McCarty.    Her name was not signed by her at the end thereof, or by any person in her presence and by her express directions, nor was she prevented from signing the same by the extremity of her last illness.    3. The will is signed with *a mark* (or X) only, which in this case is insufficient.

ANTHONY, President Judge, *inter alia*, charged to the effect that if Ann McCarty assented to her hand being guided, and knew what she was doing, and was willing to make *her mark*, and with assistance made it, it was a sufficient signing under the Act.

It is enacted, in the 6th section of the Act of 8th April, 1833, that "every will shall be in writing, and unless the person making the same shall be prevented by the extremity of his last sickness, shall be signed by him at the end thereof, or by some person in his presence, and by his express direction," &c.

It is enacted in the 1st section of the Act of 27th January, 1848, that "every last will and testament heretofore made, or hereafter to be made, excepting such as may have been finally adjudicated prior to the passage of this Act, to which the testator's name is subscribed by his direction and authority, or to which the testator hath made his mark or cross, shall be deemed and taken to be valid in all respects.    Provided the other requisites, under existing laws, are complied with."

May 2, 1848, verdict for plaintiff.

It was, *inter alia*, assigned for error, that the Court erred in not instructing the jury that, under the evidence, the will was not executed according to the requirements of the 6th section of the Act of 8th April, 1833.

*Armstrong*, for plaintiff in error.—It was, *inter alia*, contended that the legality of the execution of a will is to be judged of by the law as it was when the paper was executed: 5 *Watts* 399, Mullen *v.* McKelvy.    Before the Act of 1848, a *mark*, instead of the name of the party, was insufficient: 5 *Barr* 21, Asay *v.* Hoover. Also cited 10 *Watts* 153, Dunlop *v.* Dunlop.

*Scates* was for defendant in error.

The opinion of the Court was delivered by

WOODWARD, J.—As the law stood when this will was made, and when the testatrix died, a cross, however attested, was not a signature.    Nothing but the testator's name signed by him at the end

[McCarty v. Hoffman.]

of the will, or by some person in his presence and by his express direction, would answer the requirements of our Statute of Wills of 1833.

But, by an Act of 27th January, 1848, "every last will and testament heretofore made, or hereafter made, . . . . . to which the testator hath made his mark or cross, shall be deemed and taken to be valid in all respects." Mrs. McCarty made her will April 22, 1847, and died 8th May, 1847. Void for want of signature, was the will validated by the subsequent Act of 1848? Undoubtedly it was if the legislature were competent to pass a retroactive law on the subject, for this will is within the very words of the enactment. But in Greenough v. Greenough, 1 *Jones* 489, it was demonstrated by the late chief justice that the Act of 1848, so far as it was retroactive, was unconstitutional and void. The same thing was asserted again in Snyder v. Bull, 5 *Harris* 58. This conclusion has our hearty concurrence. As the law of the case stands, therefore, we are obliged to say that this will was not duly executed, and was, consequently, an abortive attempt at a testamentary disposition.

> And now, to wit, September 11, 1854, this cause came on to be heard, and having been argued by counsel, it is considered and adjudged that the decree of the Registers' Court, of Lycoming county, admitting the paper purporting to be the last will and testament of Ann McCarty to probate as such, be reversed and annulled, and wholly taken for nought, and that the plaintiff in error recover costs.

LEWIS, J., dissented.